1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  CYNTHIA M. FREY (CABN 150571)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
      Telephone: (415) 436-7200
7     FAX: (415) 436-7234
      cynthia.frey@usdoj.gov
8
   Attorneys for the United States of America
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,          )     No. CR 12-0674 JSW
                                       )
15                                     )
          v.                           )     [~~PROPOSED~~] ORDER OF DETENTION
16                                     )     OF DEFENDANT
    ERIC JONES,                        )
17                                     )
                                       )
18          Defendant.                 )
                                       )
19  _____ )

20

21        The defendant, Eric Jones, came before this Court on October 17, 2012, for a detention

22  hearing.  The defendant was present and represented by Candis Mitchell, Assistant Federal

23  Public Defender.  Assistant United States Attorney Cynthia M. Frey represented the United

24  States.

25        The government requested detention, submitting that no condition or combination of

26  conditions would reasonably assure the appearance of the defendant as required and the safety of

27  the community.

28

1       Upon consideration of the court file and the party proffers as discussed below, the Court

2  finds by clear and convincing evidence that no condition or combination of conditions will

3  reasonably assure the safety of any other person and the community.  The Court orders the

4  defendant detained.

5       The present order supplements the Court's findings at the detention hearing and serves as

6  a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

7       The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the

8  Court must consider in determining whether pretrial detention is warranted.  In coming to its

9  decision, the Court has considered those factors, paraphrased below:

10       (1)  the nature and seriousness of the offense charged;

11       (2)  the weight of the evidence against the person;

12       (3)  the history and characteristics of the person including, among other considerations,

13       employment, past conduct and criminal history, and record concerning appearance at

14       court appearances; and

15       (4)  the nature and seriousness of the danger to any person or the community that would

16       be posed by the person's release.

17  18 U.S.C. § 3142(g).

18       The defendant is charged with violations of 21 U.S.C. §§ 841(a)(1) and

19  841(b)(1)(B)(viii), distribution of and possession with intent to distribute 5 grams or more of

20  methamphetamine, as well as violations of 18 U.S.C. § 922(d), sale of a firearm to a prohibited

21  person, and 18 U.S.C. § 922(a)(1), unlawful trafficking of firearms.  The defendant sold four

22  firearms to a prohibited person, including an assault rifle.

23       Pursuant to 18 U.S.C. § 3142(e)(3), given the above charges, subject to rebuttal by the

24  defendant, it is presumed that no condition or combination of conditions will reasonably assure

25  the appearance of the defendant and the safety of the community.  The defendant has not rebutted

26  that presumption.

27       1.     The offenses charged are serious in nature, such that the defendant is charged with

28  selling not only narcotics, but also firearms, including assault weapons;

2.    While the defendant does not have an extensive criminal history, the defendant has a pending state case against him in which he has pleaded guilty to possession for sales of crack cocaine in violation of California Health and Safety Code § 11351.5, possession of firearms while in possession of narcotics for sale, in violation of Penal Code § 12022, and felony cruelty to a child, in violation of Penal Code § 273.  The defendant attempted to evade law enforcement at the time of his arrest on these charges.  In addition, the defendant has a bench warrant out for his arrest in relation to charges of theft;

3.    The defendant was also on probation when he committed the offenses charged in the instant Indictment;

4.    Law enforcement alleges that the defendant is a validated member of a criminal street gang in East Palo Alto;

5.    The defendant has not been gainfully employed for the last three years; and

6.    At the time of the hearing, there were no viable sureties.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.    The defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

2.    The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3.    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated:  11/2/12

JOSEPH C.
United Stat

Judge Joseph C. Spero